# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Major Fortson,<br><br>                Appellant,<br><br>   vs.<br><br>Benico H. Gonzales,<br>Fanny A. Gonzales,<br><br>                Appellees, | Civil Action No. 8:12-cv-404-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on a motion for judgment (doc. 17) filed by the *pro se* appellant Major Fortson in an appeal from the United States Bankruptcy Court. Pursuant to Title 28, United States Code, Section 636(b)(3) and Local Civil Rule 73.02(B)(2)(e) DSC, pretrial matters in *pro se* cases in this district are referred to a United States Magistrate Judge for consideration and recommendation.

       The appellant filed a notice of appeal in the Bankruptcy Court on December 16, 2011, and the instant appellate case was opened in the District Court on February 13, 2012. By order dated April 12th, this court directed the parties to file appellate briefs. The appellant filed his brief on April 27th. No brief was received from the appellees.[1] On May 23rd, the appellant filed the motion for judgment now before this court, citing the appellees' failure to file a brief and requesting the court enter a judgment in his favor for $243,000, the amount of "money the Appellant gave up because of fraud."

---

[1]The appellees have made no contact with this court whatsoever.

**BACKGROUND**

In 2007, Benico H. Gonzales and Fanny A. Gonzales, the appellees here, were debtors in a Chapter 7 bankruptcy case (No. 07-02168) filed in the District of South Carolina and were litigants in three Georgia state civil[2] and appellate[3] cases. Appellant Major Fortson was a creditor in the bankruptcy action and likewise a party to the state cases. Certain real properties in Georgia were at issue in all the cases. By letter to Fortson's attorney dated July 25, 2007, the attorney for the Bankruptcy Trustee proposed a settlement of all the cases, with the Trustee giving quitclaim deeds to Fortson of all the debtors' interest in the subject real properties and releasing any claims to funds held in an escrow account (doc. 6-1, p. 3, ¶¶ 5-6), in exchange for Fortson's release of all claims against the debtors and waiver of all claims against their bankruptcy estate and the Trustee (*id.,* p. 2, ¶¶ a-b). The settlement was approved by the Bankruptcy Court on August 17, 2007, after considering a joint application for approval by the parties, including Fortson (doc. 6-3, p. 2).[4] After notice and an opportunity for a hearing, the Bankruptcy Court entered an order on December 8, 2008, disallowing any claim Fortson may have had against the assets of the estate as a result of the settlement terms. The Trustee's final report and account was filed and approved by order dated January 13, 2009. A supplemental final report was filed on April 13, 2009, and an order discharging the Trustee and closing the case was entered on April 14, 2009 (*id.*, p. 3).

---

[2]*Fortson v. Gonzales, et al.,* Civil Action No. 05CV888C, Superior Court of Habersham County, State of Georgia.

[3]*Gonzales v. Fortson, et al.,* Case Nos. A07A1693 and A07A1694, Court of Appeals, State of Georgia.

[4] The history of the bankruptcy action is taken from the order denying motion to reopen case, entered by the Honorable Helen E. Burris, United States Bankruptcy Judge for the District of South Carolina, on December 1, 2011 (doc. 6-3).

2

Fortson filed a motion to reopen bankruptcy case based on fraud on October 27, 2011 (doc. 6-1, p. 1), claiming that the debtors had committed fraud in their bankruptcy proceeding by misrepresenting the state of title and the value of the real properties at issue, the same properties that were conveyed to Fortson via quitclaim deed from the Trustee per the terms of the 2007 settlement. The Bankruptcy Court held a hearing, at which Fortson appeared, and thereafter denied the motion by order filed December 1, 2011. The Bankruptcy Judge determined that Fortson had failed to meet his burden to show that cause existed to reopen the case. First, the Bankruptcy Judge noted that the debtors had received their discharge of pre-petition debts on October 25, 2007, and that while revocation of the discharge may be authorized if it "was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of the discharge," a creditor must request the revocation "within one year after the discharge is granted . . . ." 11 U.S.C. § 727(d)(1), (e)(1). Fortson did not request a timely revocation (doc. 6-3, pp. 3-4). Second, the Bankruptcy Judge observed that Fortson, represented by counsel, had entered into the settlement with the Trustee and other creditors (not the debtors) and had an opportunity to analyze its terms. The settlement was approved by the Bankruptcy Court in 2007, with the proceeds thereafter distributed after notice and an opportunity to object. Fortson did not then object and indeed joined in the application for the settlement to be approved by the Bankruptcy Court. Accordingly, the Bankruptcy Judge denied the motion to reopen case (doc. 6-3, p. 4).

On December 16, 2011, Fortson filed his notice of appeal to the District Court (doc. 6-4), and thereafter the instant appellate case was opened (doc. 6-1). When the debtors, now appellees here, failed to file an appellate brief as directed by this court, Fortson filed a motion for judgment (doc. 17), requesting that a default judgment be entered in his favor.

3

**APPLICABLE LAW AND ANALYSIS**

Under Title 28, United States Code, Section 158(a), United States District Courts have jurisdiction to hear appeals of final judgments, orders, and decrees of Bankruptcy Courts. On appeal from the Bankruptcy Court, the district court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error, while it reviews the conclusions of law *de novo*. *Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enterprises, Inc.),* 400 F.3d 219, 224 (4th Cir.2005). The District Court may affirm, modify, or reverse a Bankruptcy Judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

Bankruptcy Rule 8009(a) requires both an appellant and an appellee to file briefs with the District Court on appeal. However, the Bankruptcy Rules do not provide a sanction for an appellee's failure to comply with Rule 8009(a) and certainly do not authorize the automatic entry of judgment in favor of the appellant. Rather, an appropriate sanction would be to deny the appellee's opportunity to be heard at oral argument, as is the practice in federal appeals as set forth in Rule 31 of the Federal Rules of Appellate Procedure. *See In re Millard*, 414 B.R. 73, 74 (D. Md. 2009) ("[I]t would not be appropriate—absent clear authority from the United States Court of Appeals for the Fourth Circuit—for this Court to impose the sanction of default upon an appellee so as to reverse a bankruptcy judge's decision that is not reversible on the merits."). Accordingly, the appellant's motion for judgment in his favor should be denied.

Moreover, this court has reviewed the record on appeal from the Bankruptcy Court and finds no clear error in the findings of fact below. The Bankruptcy Judge found that the appellant entered into a settlement with the Trustee and other creditors in 2007, resulting in the appellant receiving the properties of which he now complains. The appellant does not contest that he had ample time and opportunity to analyze the terms of the settlement before entering into it, nor does he present any reason why he failed to inspect

and appraise the properties at issue before agreeing to the settlement. In addition, even after the settlement was approved, the appellant had the opportunity to raise with the Bankruptcy Court any purported fraud by the debtors for a full year following the discharge of pre-petition debts on October 25, 2007. He failed to do so, and is now prohibited by the limitations period set forth in 11 U.S.C. § 727(e)(1), as correctly held by the Bankruptcy Judge.

In both his notice of appeal and his motion for judgment, the appellant cites Title 18, United States Code, Section 152 as a basis to reopen the debtors' bankruptcy case. However, this statute calls for criminal sanctions against those who are prosecuted in criminal proceedings in federal court for concealment of assets and making false statements in a bankruptcy case; it provides no authorization to reopen a closed bankruptcy case, even if a bankruptcy litigant was later indicted by a federal grand jury and convicted for such conduct. The Bankruptcy Court considered the motion to reopen using the correct statutes in the bankruptcy code, and the resulting order was free from factual error and correctly decided.

The court has reviewed the record and appellant's brief and determines that oral argument is not necessary. Fed. R. Bankr. P. 8013 ("Oral argument shall be allowed in all cases unless the district judge determines after examination of the briefs and record, or appendix to the brief, that oral argument is not needed."). Accordingly, based upon the foregoing, it is recommended that the appeal be dismissed as baseless.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based on the foregoing, it is recommended that the motion for judgment (doc. 17) be denied and that the appeal be dismissed.

IT IS SO RECOMMENDED.

| | |
|---|---|
| October 5, 2012 | s/Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |